[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10227
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20571-RNS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH MICHAEL THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 8, 2015)

Before TJOFLAT, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Kenneth Michael Thomas, a federal prisoner proceeding pro se, appeals the

denial of his motion for a sentence reduction.  We affirm.

Thomas pleaded guilty to several drug and gun counts.  To calculate his guidelines sentencing range, the district court grouped Thomas's counts.  <u>See</u> United States Sentencing Guidelines § 3D1.2 (instructing sentencing courts to group counts "involving substantially the same harm").[1]  The district court calculated an offense level for each of the grouped counts.  <u>See</u> <u>id.</u> § 3D1.3(a).  Two guidelines sections provided offense levels for the grouped counts: § 2D1.1 (for the drug counts) and § 2K2.1 (for the gun counts).  Adhering to the grouping rules, the district court gave the group the highest offense level, which was calculated under § 2K2.1—the guideline for the gun counts.  <u>See</u> USSG § 3D1.3(a).

Years later, Thomas moved for a sentence reduction.  He argued that Amendment 782, which retroactively amended § 2D1.1, lowered his guideline range and warranted resentencing.  The district court denied his motion, explaining that Thomas was not entitled to a reduction because his sentence was calculated using § 2K2.1, not § 2D1.1, so Amendment 782 did not affect his guideline range.

A district court may reduce a defendant's sentence if he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); <u>see also</u> USSG

---

[1] The district grouped all but one of Thomas's counts.  He pleaded guilty to one count of carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c).  That count was not grouped because it required a separate sentence consecutive to any other term of imprisonment.  <u>See</u> § 924(c)(1)(A)(i); USSG § 5G1.2(a)

2

§ 1B1.10(a)(1).  We review de novo a district court's legal conclusions regarding its authority under the Sentencing Guidelines.  United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008).  Amendment 782 provides a two-level reduction in the base offense levels for most drug quantities listed in the table in § 2D1.1(c).  USSG app. C, amend. 782.  When it applies, Amendment 782 may serve as the basis for a sentence reduction.  See § 1B1.10(d).

But Amendment 782 does not apply here.  It lowered the offense levels for § 2D1.1, but Thomas's offense level was calculated using § 2K2.1.  A reduction is not authorized by an amendment that addresses one guideline if the sentence was imposed under another.  See United States v. Berry, 701 F.3d 374, 376 (11th Cir. 2012) (per curiam); § 1B1.10 cmt. n.1(A); cf. Moore, 541 F.3d at 1327 (explaining that the defendants were ineligible for sentence reductions based on an amendment that lowered base offense levels under § 2D1.1 because the amendment had no effect on the career-offender guideline, which generated their guideline ranges).

The district court correctly denied Thomas's motion.  Although § 2D1.1 did provide the offense level for the grouped drug counts, the offense level for the group as a whole was calculated using § 2K2.1.  See USSG § 3D1.3(a).  Thus, Amendment 782—which lowered the offense levels for § 2D1.1—does not affect Thomas's offense level, which would remain unchanged under § 2K2.1 and the

3

grouping rules.  Because Amendment 782 does not lower Thomas's applicable guideline range, he is not eligible for a sentence reduction.[2]

**AFFIRMED.**

---

[2] Thomas also argues that Freeman v. United States, 564 U.S. ___, 131 S. Ct. 2685 (2011), applies.  But Freeman is relevant only to defendants who entered binding plea agreements, and Thomas's plea agreement was nonbinding.  See United States v. Lawson, 686 F.3d 1317, 1320 (11th Cir. 2012) (per curiam) ("In Freeman, the question before the Supreme Court was whether defendants who entered into Rule 11(c)(1)(C) plea agreements were eligible for § 3582(c)(2) relief.").